UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Rebecca Emmer,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Century Financial Services, Inc.; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | : Civil Action No.: 3:13-cv-01343<br>:<br>:<br>:<br>:<br>: COMPLAINT<br>:<br>:<br>: September 13, 2013<br>:<br>: |

For this Complaint, Plaintiff, Rebecca Emmer, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Rebecca Emmer ("Plaintiff"), is an adult individual residing in Waterbury, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Century Financial Services, Inc. ("CFS"), is a Connecticut business entity with an address of 23 Maiden Lane, North Haven, Connecticut

06473, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by CFS and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CFS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. Plaintiff allegedly incurred a financial obligation in the approximate amount of $960.00 (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CFS for collection, or CFS was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **CFS Engages in Harassment and Abusive Tactics**

12. Within the last year, CFS contacted Plaintiff in an attempt to collect the Debt.

13. Plaintiff informed CFS that she intended to pay the Debt, but was unable to do so currently.

14. In response, CFS threatened to file a lawsuit against Plaintiff if she

2

failed to enter into a payment agreement.  To date, no such action has been commenced.

15.  In addition, CFS threatened to send a state marshal to Plaintiff's boyfriend's place of employment.  CFS told Plaintiff that this would "be embarrassing for him."

16.  Moreover, CFS threatened to garnish Plaintiff's boyfriend's wages if Plaintiff failed to pay the Debt.  Plaintiff's boyfriend, however, did not incur the Debt and is in no way responsible for its repayment.

C.  <u>Plaintiff Suffered Actual Damages</u>

17.  Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

18.  As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

<u>COUNT I</u>
<u>VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*</u>

19.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.  Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

21.  Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

22. Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action against Plaintiff, without actually intending to do so.

23. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

24. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

25. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

26. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, *et seq.*

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

29. Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

30. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 13, 2013

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (203) 653-3424
Attorney for Plaintiff